Andrew J. Gramajo, CA # 338144
AJG LAW GROUP, PC.
320 16th St,
Hermosa Beach, CA 90254
T:(415) 638-9140
E: Andrew@Ajglawgroup.us

*Attorneys for Plaintiff*
*Brian Rivera*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| BRIAN RIVERA,<br><br>Plaintiff,<br>vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>Defendant. | Case No.: 2:25-cv-10139<br><br>**JURY TRIAL DEMANDED** |

# COMPLAINT

Brian Rivera ("Plaintiff" or "Mr. Rivera") by and through his counsel brings the following Complaint against Experian Information Solutions, Inc. ("Defendant" or "Experian") for violations of the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*, arising out of a tenant screening report ("consumer report") that Defendant published to Plaintiff's potential landlord, which falsely portrayed Plaintiff as having an eviction judgment in the amount of $23,316, despite the court's sealing order prohibiting its disclosure.

## INTRODUCTION

1. This is an individual action for damages, costs, and attorney's fees brought against Defendant pursuant to the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq*. ("FCRA").

2. Defendant is a consumer reporting agency ("CRA") that compiles and maintains files on consumers on a nationwide basis. It sells consumer reports, also known as tenant screening reports, generated from its database and furnishes these consumer reports to mortgage brokers, landlords, and property management companies who use the reports to make decisions regarding prospective borrowers and tenants.

3. On August, 4, 2025, the Los Angeles County Superior Court, pursuant to a stipulation and court order, sealed an eviction judgement involving Plaintiff rendering it no longer reportable or legally disclosable.

4. Rather than comply with the Court order, Defendant assembled and published an inaccurate consumer report to Plaintiff's prospective landlord, which included the sealed eviction judgment.

5. Plaintiff's prospective landlord denied Plaintiff's housing application after receiving the inaccurate consumer report from Defendant.

6. Defendant's inaccurate reporting could have been avoided had Defendant performed a cursory review of the widely available public court records from Los Angeles County, California regarding the sealed case prior to publishing

the information to Plaintiff's prospective landlord.

7. Defendant does not employ reasonable procedures to assure the maximum possible accuracy of the information it reports regarding consumers. Defendant's failure to employ reasonable procedures resulted in Plaintiff's report being grossly inaccurate.

8. Defendant committed these violations pursuant to its standard policies and practices, which harm innocent consumers seeking housing by prejudicing their prospective landlords with inaccurate information.

9. Defendant's inaccurate report deprived Plaintiff the ability to rent the apartment unit that was suitably accommodating of his needs, causing him physical injury as a result of emotional distress, embarrassment, inconvenience, anxiety, fear of homelessness, and financial loss.

10. As a result of Defendant's violations of the FCRA, Plaintiff has suffered a range of actual damages including, without limitation, loss of housing opportunities; loss of time and money trying to correct the consumer report; the expenditure of labor and effort disputing and trying to correct the inaccurate reporting; damage to his reputation; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

11. As a result of Defendant's conduct, action, and inaction, Plaintiff brings claims against Defendant for failing to follow reasonable procedures to assure

maximum possible accuracy based on 15 U.S.C. § 1681e(b) of the FCRA.

## PARTIES

12. Brian Rivera ("Plaintiff" or "Mr. Rivera") is a natural person residing in Los Angeles, California, and is a "consumer" as that term is defined in 15 U.S.C. § 1681a(c).

13. Defendant Experian Information Solutions, Inc. ("Defendant Experian" or "Experian") is a consumer reporting agency that maintains its principal place of business at 701 Experian Pkwy, Allen, Texas 75013.

14. Defendant is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f) because for monetary fees, it regularly engages in the practice of evaluating and/or assembling information on consumers for the purpose of furnishing consumer reports for tenant screening purposes to third parties, and uses interstate commerce, including the Internet, for the purpose of preparing and furnishing such consumer reports.

## JURISDICTION AND VENUE

15. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p, which allows claims under the FCRA to be brought in any appropriate court of competent jurisdiction.

16. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## STATUTORY BACKGROUND

17. Enacted in 1970, the FCRA's passage was driven in part by two related concerns: first, that consumer reports were playing a central role in people's lives at crucial moments, such as when they applied for a job or credit, and when they applied for housing. Second, despite their importance, consumer reports were unregulated and had pervasive inaccuracies.

18. While recognizing that consumer reports play an important role in the economy, Congress wanted consumer reports to be "fair and equitable to the consumer" and to ensure "the confidentiality, accuracy, relevancy, and proper utilization" of consumer reports. 15 U.S.C. § 1681.

19. Congress, concerned about inaccuracies in consumer reports, specifically required consumer reporting agencies to follow "reasonable procedures to assure maximum possible accuracy" in consumer reports. 15 U.S.C. § 1681e(b).

20. Consumer reports that contain factually incorrect information which does not belong to the consumer at issue are neither maximally accurate nor fair to the consumers who are the subjects of such reports.

## THE FCRA'S PROTECTIONS FOR HOUSING APPLICANTS

21. Despite its name, the Fair Credit Reporting Act covers more than just credit reporting, it also regulates consumer reports like the one Defendant prepared in Plaintiff's name.

22. The FCRA provides a number of protections for housing applicants who

are the subject of consumer reports for the purpose of securing housing and credit.

23. In the parlance of the FCRA, tenant screening reports are "consumer reports," and providers of consumer reports, like Defendant, are "consumer reporting agencies." 15 U.S.C. §§ 1681a(d) and (f).

24. The FCRA imposes duties on consumer reporting agencies to assure that consumer reports are accurate and that "consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681.

25. Under 15 U.S.C. § 1681e(b), consumer reporting agencies are required "to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

26. Defendant disregarded its duties under the FCRA with respect to Plaintiff's consumer report.

27. Over the past 15 years, there has been increased collection and aggregation of consumer data, including criminal records and sex offender registration data. As a result of the increasing availability of this data, there has been a boom in the tenant screening industry.

28. In the tenant screening industry, consumer reports are generally created by running automated searches through giant databases of aggregated criminal record data. The reports are created and disseminated with little to no manual, in-person review, and the underlying court records are rarely directly reviewed in creating

consumer reports.

29. Consumer Reporting Agencies, like Defendant, collect millions of records from a number of sources with data from county, state, and federal level sources. The data included on the reports is often not obtained directly from court records on an individual basis but instead is purchased in bulk or scraped from court websites.

30. Given that Defendant is in the business of selling consumer reports, Defendant should be well aware of the FCRA and the attendant harm to consumers for reporting inaccurate or misleading information.

31. Appropriate quality control review of Plaintiff's report would have made clear that Defendant was reporting a sealed judgment as an active public record, even though the Los Angeles County Superior Court had sealed the case on August 4, 2025.

32. As a provider of consumer reports, Defendant should be aware of the FCRA requirements.

## **FACTS**

### **Plaintiff Applies for an Apartment with Lightning Leasing**

33. In or about August 2025, Plaintiff began searching for a new apartment in Los Angeles. Specifically, Plaintiff was searching for an apartment that was in a safe neighborhood, clean, and within his budget.

34. On or about mid-August 2025, Plaintiff submitted his rental application

through Lightning Leasing for an apartment located at 6827 Whitsett Avenue, Unit #213, Los Angeles, California, and paid the required application fee as part of the application process.

**Defendant Published an Inaccurate Consumer Report to Lightning Leasing Apartments**

35. Lightning Leasing, the property management company for 6827 Whitsett Avenue, contracted with Defendant to conduct tenant screening on prospective tenants to determine whether the prospective tenant is eligible to rent an apartment.

36. In or around August 2025, Lightning Leasing ordered a consumer report on Plaintiff from Defendant.

37. On or about August 17, 2025, Defendant sold a consumer report about Plaintiff to Lightning Leasing, wherein Defendant published information including a compilation of Plaintiff's credit history, and public record information, including a housing court record.

38. The consumer report, identified as Credit Report by Defendant, is a consumer report regulated by the FCRA.

39. Within that consumer report, Defendant published inaccurate information about Plaintiff.

40. Specifically, Defendant's consumer report about Plaintiff included a sealed judgment from the Los Angeles County Superior Court, which appeared in the

consumer report as follows:

## Background

CALIFORNIA REPORT WARNING

Cal. Civ. Code Sec. 1786.29. This report does not guarantee the accuracy or truthfulness of the information as to the subject of the investigation, but only that it is accurately copied from public records, and information generated as a result of identity theft, including evidence of criminal activity, may be inaccurately associated with the consumer who is the subject of the report.

## Housing Court Record Search

Report Date: **08/17/2025** Report ID: [redacted]

Submitted by renter

Full Name
**Brian Rivera**

DOB
[redacted]

Applying In
**91605**

Returned in report Regional data restrictions apply.

Name
**BRIAN RIVERA**

DOB
[redacted]

Consumer Statement

OCCUPANT Primary
**BRIAN RIVERA**

Rent
6327 Whitsett Avenue unit #213 # 213
Los Angeles, CA 91605

experian.

Returned Aug 17, 2025

**70556415 LOS ANGELES CA 90006**

| | |
|---|---|
| First Name | BRIAN |
| Last Name | RIVERA |
| Middle | |

**Activity**

10-30-2023

Case # **23STUD14130| PLAINTIFF**
LOS ANGELES COUNTY SUPERIOR COURT - STANLEY MOSK

| | | | |
|---|---|---|---|
| Judgement | PLAINTIFF | Judgement_Amount | 23316 |
| Judgement Rel | | Sat Amount | |
| Dismissal | | | |
| Default | | | |
| Plaintiff | JECO RESIDENTIAL LP DBA 30SIXTY APARTMENTS | | |
| Plaintiff Phone | | | |
| Attorney | SEUNGJAE CHA JASON | | |
| Attorney Phone | | | |

41. The reporting of this record was false, inaccurate, and unlawful because

the Los Angeles County Superior Court had sealed the matter on August 4, 2025, pursuant to a stipulation and court order, thereby rendering the record confidential and legally prohibited from disclosure or inclusion in any tenant screening report.

42. A cursory review of the widely available public court records would have revealed that the case was sealed and unavailable for public inspection.

43. The sole reason the sealed judgment appeared on Plaintiff's consumer report was that Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it published within the consumer report it sold about Plaintiff to Plaintiff's prospective landlord.

44. Had Defendant followed reasonable procedures, it would have been discovered that the case had indeed been sealed by court order on August 4, 2025, and therefore should not have been reported or disclosed in Plaintiff's consumer report.

45. In preparing and selling a consumer report about Plaintiff, wherein Defendant published to Plaintiff's prospective landlord inaccurate information about Plaintiff, Defendant failed to follow reasonable procedures to assure that the report was as accurate as maximally possible, in violation of 15 U.S.C. § 1681e(b).

**Lightning Leasing Denies Plaintiff's Housing Application**

46. On or about August 18, 2025, Plaintiff was notified by Lightning Leasing that his housing application was denied as a direct result of the eviction judgment reported by Defendant.

47. Plaintiff immediately contacted Lightning Leasing and informed them that the Los Angeles County Superior Court had sealed the case on August 4, 2025, pursuant to a stipulation and court order, and that the record should not have appeared in any tenant screening report.

48. Plaintiff was very panicked, confused, and concerned about the impact of the inaccurate reporting, not only the denial of his 6827 Whitsett Avenue apartment application but also the potential harm to his reputation and future housing opportunities.

49. Specifically, Defendant reported a sealed judgment that had been removed from public access following a court order to seal the case. The public court record information was widely available to Defendant prior to publishing Plaintiff's consumer report to Lightning Leasing Apartments, but Defendant failed to perform even a cursory review of such information.

**Plaintiff Disputed the Inaccuracy in Defendant's Consumer Report**

50. On or about September 15, 2025, desperate to secure housing with Lightning Leasing Property and riddled with worry over the far-reaching impacts of the inaccurate information, Plaintiff disputed the inaccurate information with Defendant.

51. Plaintiff identified himself and provided supporting documentation to Defendant, including the Los Angeles County Superior Court's Stipulation and Order to Seal to demonstrate that the judgment reported by Defendant was sealed and no

longer reportable.

52. Plaintiff specifically disputed the inaccurate reporting of the sealed judgment, explaining that the court had sealed the record on August 4, 2025.

53. Plaintiff also requested Defendant to investigate and correct its reporting in any consumer report about Plaintiff.

54. On or about September 30, 2025, Defendant sent two separate emails to Plaintiff, advising that Plaintiff's dispute results were completed and ready for review.

55. Plaintiff accessed the dispute results through Defendant's secure online portal and downloaded the dispute outcome dated September 30, 2025. The report indicated that the disputed item no longer appeared in Plaintiff's credit file.

56. However, by the time the correction appeared, Plaintiff had already suffered a housing denial due to Defendant's prior publication of inaccurate information.

57. Plaintiff reasonably believes that due to Defendant's inaccurate reporting in the first instance, Lightning Leasing formed a negative opinion about Plaintiff and/or moved on to other candidates.

58. Defendant's false report cost Plaintiff a housing opportunity that met his needs, including those attendant to affordability, safety, and proximity to work, friends, and family.

59. Plaintiff was looking forward to living at 6827 Whitsett Avenue, Unit

#213 because it offered a clean, safe, and well-maintained apartment within Plaintiff's budget. The denial of Plaintiff's rental application by Lightning Leasing caused Plaintiff to experience embarrassment, anxiety, and disappointment, as the decision was based on Defendant's inaccurate report falsely portraying him as having an eviction judgment.

60. Due to Defendant's unreasonable procedures, Plaintiff's rental application was denied, forcing him to extend his existing lease beyond its original expiration date and incur additional housing-related costs while searching for alternative accommodations.

61. The injuries suffered by Plaintiff as a direct result of Defendant's erroneous reporting are the type of injuries that the FCRA was enacted to address.

62. As a result of Defendant's violations of the FCRA, Plaintiff has suffered a range of actual damages including, without limitation, loss of housing opportunities; loss of time and money trying to correct the consumer report; the expenditure of labor and effort disputing and trying to correct the inaccurate reporting; damage to his reputation; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

//

**CLAIMS FOR RELIEF**

**COUNT I**

**15 U.S.C. § 1681e(b)**

**Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy**

63. Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs as if fully stated herein.

64. Defendant is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

65. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

66. At all times pertinent hereto, the above-mentioned tenant screening report was a "consumer report" as that term is defined by 15 U.S.C. § 1681a(d).

67. Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to "follow reasonable procedures to assure maximum possible accuracy" in the preparation of the consumer report it sold about Plaintiff as well as the information it published within the same.

68. As a result of Defendant's violations of the FCRA, Plaintiff has suffered a range of actual damages including, without limitation, loss of housing opportunities; loss of time and money trying to correct the consumer report; the expenditure of labor and effort disputing and trying to correct the inaccurate reporting; damage to his reputation; loss of sleep; lasting psychological damage; loss

of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

69. Defendant willfully violated 15 U.S.C. § 1681e(b) in that its conduct, actions, and inactions were willful, rendering them liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. Alternatively, they were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

70. Plaintiff is entitled to recover statutory damages, punitive damages, and reasonable attorneys' fees and costs from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

i. Determining that Defendant negligently and/or willfully violated the FCRA;

ii. Awarding Plaintiff actual, statutory, and punitive damages as provided by the FCRA;

iii. Awarding Plaintiff reasonable attorneys' fees and costs as provided by the FCRA; and,

iv. Granting further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby demands a trial by jury on all issues so triable.

Dated: October 22, 2025

*/s/ Andrew J. Gramajo*
Andrew J. Gramajo, CA # 338144
AJG LAW GROUP, PC.
320 16th St,
Hermosa Beach, CA 90254
T:(415) 638-9140
E: Andrew@Ajglawgroup.us

*Attorneys for Plaintiff,*
*Brian Rivera*